UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
TONY JORDAN,

                                                        Petitioner,


        -v.-                                                     9:05-CV-0118
                                                                (LEK)(GJD)

M. CORCORAM; NEW YORK STATE
ATTORNEY GENERAL,

                                                        Respondents.

--------------------------------------------------------------------------
APPEARANCES:

TONY JORDAN
Petitioner, *pro se*
03-A-0649

HON. ANDREW M. CUOMO                              ALYSON J. GILL, ESQ.
Office of the Attorney General
120 Broadway
New York, NY 10271

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE

_____

                                **ORDER**

        Presently before the Court is a motion to stay this action filed by Tony Jordan

("petitioner" or "Jordan"). [1] Dkt. No. 25.  A response to the motion was filed on June 10,

2008.  Dkt. No. 28.

**A.      Background.**

        Petitioner filed this action on January 31, 2005.  Dkt. No. 1.  In his original habeas

petition, Jordan complained of a January 31, 2003 judgment of conviction rendered in

_____

        [1]This motion was originally docketed as a motion for voluntary dismissal.  However,
after the Court reviewed the substance of the motion, it appeared that petitioner was
asking for a stay of this action or "in the alternative" a dismissal "without prejudice." (Dkt.
No. 25 at p.5.  This Court directed the Clerk to re-docket the motion as a motion to stay or,
in the alternative, for dismissal.  Upon the re-docketing, the Court directed respondent to
file a response to the motion to stay the petition.  However, the response only addresses
the alternative relief of dismissal.  *See* Dkt. No. 28.

Albany County Court wherein petitioner was found guilty after a jury trial of two counts of

criminal possession of a controlled substance and unlawful possession of marijuana.

Petitioner asserted five claims in support of this petition.

> 1. Petitioner's conviction was obtained by use of evidence seized in an unlawful arrest.

> 2. Petitioner was denied a post-trial hearing.

> 3. Petitioner was denied his right to a speedy trial.

> 4. The prosecutor improperly stated that he offered Jordan a plea agreement prior to trial.

> 5. Petitioner was denied the right to testify before the grand jury.

Respondent answered the petition on June 15, 2005, and petitioner filed his

traverse on August 3, 2006. Dkt. Nos. 11, 15.

## B.   Petitioner's Motion to Stay.

Petitioner filed his motion to stay, or in the alternative to dismiss, on January 30,

2008. Dkt. No. 25. In the motion, petitioner seeks leave to return to the state courts to

exhaust a claim of ineffective assistance of counsel. Petitioner's claim is based upon the

factual premise that petitioner's defense counsel received a plea offer that was not

communicated to petitioner. While this claim was not expressly stated in the original

petition, it is referred to in respondent's memorandum of law in opposition to the petition

(Dkt. No. 12, page 26), and in petitioner's traverse. Dkt. No. 15, pages 14-15.

Petitioner does not attach to his motion any support for the assertions regarding the

alleged plea bargain that was offered to counsel, but not communicated to petitioner.

However, attached to petitioner's original petition is an undated and unidentified excerpt

from a transcript of a court proceeding in which it is stated that a plea agreement was

communicated to counsel, but it was not presented to counsel's client because it had not

2

been approved by the Court.[2]  It is not clear from this excerpt whether petitioner was present at this proceeding.  In addition, the Court notes that in the preliminary proceedings on the date of trial, petitioner made an oral motion to have his counsel relieved and to have new counsel appointed.  The request from the petitioner was, in part, based upon assertions that counsel was angry with petitioner because petitioner would not accept a plea agreement. *See* Trial Transcript, pages 11-16.  This oral motion followed the Court's statement of its understanding of the plea agreement that had been presented by the State. *See* Trial Transcript, page 7, Ln.3-16.

Respondents' response to the motion to stay indicates that, if the Court were to grant a voluntary dismissal, "any attempt to file a petition would not be untimely."  Dkt. No. 27.  Respondent directed the Court to an "accompanying memorandum of law' for a discussion of the basis for their arguments.  However, no memorandum of law was filed with the response.  The issue of whether a stay is appropriate in this action was not addressed by the respondent.

**C.    Discussion**

**1.  Stay**

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable.  In cases such as this, where the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition"

---

[2]A transcript of this proceeding has not been provided to the Court by Respondent. In his petition, petitioner states that it is a portion of the transcript from his suppression hearing.

containing both exhausted and unexhausted claims, the district court must consider both

the timeliness of any subsequent petition and the impact of the AEDPA's limitations on

second or successive petitions in determining the proper disposition of the petition.[3] *Id.* at

378-79.

The Second Circuit ruled in *Zarvela* that, when presented with a mixed petition, the

district court may dismiss without prejudice or retain jurisdiction over the petition and stay

further proceedings pending exhaustion of state remedies. *See id.* at 380.  In making this

choice, if the court determines that dismissal would "'jeopardize the timeliness of a

collateral attack,'" the district court should stay the petition and condition the stay upon

petitioner both filing in state court, and returning to federal court within a specified time

period. *Id.* (quotation and other citation omitted).

The United States Supreme Court has approved this "stay and abeyance"

procedure with more substantial limitations.  *See Rhines v. Weber*, 544 U.S. 269 (2005).

Specifically, the Supreme Court stated that

> stay and abeyance should be available only in limited
> circumstances.  Because granting a stay effectively excuses a
> petitioner's failure to present his claims first to the state courts,
> stay and abeyance is only appropriate when the district court
> determines there was good cause for the petitioner's failure to
> exhaust his claims first in state court.  Moreover, even if a
> petitioner had good cause for that failure, the district court
> would abuse its discretion if it were to grant him a stay when
> his unexhausted claims are plainly meritless. . . .

*Id.* at 277 (internal citation omitted).  The *Rhines* Court also stated that, if a petitioner

"engages in abusive litigation tactics or intentional delay, the district court should not grant

him a stay at all." *Id.* at 278 (citation omitted).

---

[3] The AEDPA provides a one year statute of limitations within which petitioner's
must bring applications for habeas corpus relief in federal court. 28 U.S.C § 2244(d)(1).

4

To date, the Second Circuit has provided little guidance on what constitutes good cause for failure to exhaust state-court remedies.  However, one district court in this circuit has defined the term in the following manner:

> the majority of th[e] lower courts which have addressed the issue at length analogized the 'good cause' requirement to the requirement that a habeas corpus petitioner demonstrate 'cause' to excuse other types of procedural defaults." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) (citations omitted).  "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default . . ., the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo*, 2006 WL 297462, at *6 (citation omitted).

*Otra v. Rivera*, No. 05-CV-645S, 2006 WL 2711462, *2 n.3 (W.D.N.Y. Sept. 20, 2006).

In this case, petitioner's motion for a stay does not attempt to demonstrate "good cause" for his failure to exhaust this proposed claim earlier.  It is clear from the record before the Court that petitioner was aware that there was a plea agreement that had not been communicated,[4] and that he was unwilling to accept a pending offer that was made, on the day of trial.  The Court notes that petitioner's appellate counsel, and petitioner, each filed separate briefs in petitioner's appeal to the Appellate Division.  *See* State Court Records, Exhibits F and G.  However, petitioner offers no explanation or cause for his failure to raise this claim on appeal.

Petitioner's failure to allege "good cause" is especially troubling given the amount of time that has passed since the filing his federal habeas petition.  This substantial lapse of time by itself gives the Court a sufficient basis to deny petitioner's stay request.  *See Rhines*, 544 U.S. at 278 (if petitioner "engages in abusive litigation tactics or intentional

---

[4]" From day one the attorney tried to get me to take time.  The attorney never told me about the offer that the D.A. made.  He said that he was going – he felt that he would win his case like that at the suppression."  Trial Transcript, page 27, Lns. 7-11.

delay, the district court should not grant him a stay at all"). Petitioner gives this court no explanation why he waited so long to raise this claim during the three years since this petition has been filed. The court notes that in his application, petitioner indicated that he had not exhausted his claim regarding the prosecutor's failure to advise petitioner of the plea agreement. Pet. at ¶ 13. Petitioner states that the reason that he did not present the claim was that it was "clearly [his] contention that [his] Attorney, Mr. Raymond Kelly obviously thought it was not significant enough to use." *Id.* Petitioner never requested a stay to exhaust ground four.

Finally, the court notes that on June 22, ***2005***, respondent filed a memorandum of law in opposition to the petition. (Dkt. No. 12). Within respondent's argument that petitioner failed to exhaust his claim that the prosecutor made incorrect statements regarding the plea negotiations, respondent states that the fact that "the plea offer was not communicated to petitioner was clearly attributable to his attorney, and not the prosecutor. Accordingly, petitioner has no cause to blame the prosecutor . . . ." (Dkt. No. 12 at 26). Respondent includes quite a large footnote with his argument, which states "[t]o the extent that petitioner may contend that trial counsel was ineffective for failing to inform him about the prosecutor's plea offer, petitioner is not entitled to habeas corpus relief because this claim in unexhausted and unsubstantiated." *Id.* at 26 n.4.

In June of 2005, the respondent basically raised this "potential" issue for petitioner in that footnote. Respondent also argued that the claim was unexhausted, ***and*** procedurally defaulted. *Id.* Petitioner filed a traverse on September 6, 2006, but never mentioned a stay in that document, even though he mentions "ineffective assistance of counsel" in his papers. (Dkt. No. 15 at 14). Petitioner's motion to "withdraw," stating that he wished to raise an ineffective assistance of counsel claim with respect to these facts

6

was not filed until January 30, 2008.  Given all the facts, there is no excuse for petitioner's delay.

Even assuming that petitioner could have shown good cause for his delay, this court has determined that staying this action would be futile.  It is clear that petitioner's ineffective assistance of counsel claim is one that could have been raised on direct appeal, but was not.  In order to raise his claim of ineffective assistance of trial counsel, petitioner would have to return to the trial court an make a motion to vacate his conviction pursuant to N.Y. CRIM. PROC. LAW § 440.10.  This section of the New York Criminal Procedure law provides that a motion to vacate must be denied if petitioner could have, but unjustifiably failed to raise the claim on direct appeal. *See* N.Y. CPL §440.10(2)(c).

Petitioner claims that his attorney failed to communicate a plea bargain to petitioner and states that this constitutes ineffective assistance of counsel.  As stated above, attached to the petition for habeas relief, is a portion of petitioner's suppression hearing transcript, specifically stating that petitioner's attorney did not communicate the original plea bargain to petitioner because it had not been approved by the court. Petitioner's Ex. D at 2.  If petitioner believed that this action rose to the level of ineffective counsel, he could have raised the issue on direct appeal because the facts upon which the claim is based appear on the record.

The court would also point out that in the existing petition, his fourth ground for relief blames the prosecutor for "incorrectly" stating that he offered petitioner a plea bargain. Pet. at p.3.  Petitioner refers to the exhibit, mentioned above, attached to the petition.  In ground four, petitioner states that the prosecutor "never offer [sic] this plea and Mr. Kelly made that clear to the court in the suppression hearing." *Id.*  Now petitioner wishes to change this claim from blaming the prosecutor, to stating that his attorney, Mr.

7

Kelly, was ineffective for failing to communicate a plea bargain.  Petitioner was well aware of the facts on direct appeal and when he filed this petition.[5]  If petitioner were to return to state court and make a motion to vacate his conviction, the trial court would dismiss the claim as procedurally defaulted.

If the state court dismisses petitioner's claim as procedurally defaulted, the federal court cannot consider the merits of the claim unless petitioner shows "cause" for his default and resulting "prejudice" from the constitutional violation, or that the failure of the federal court to review the claim will result in a "fundamental miscarriage of justice" i.e., that the petitioner is innocent. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. United States*, 501 U.S. 722, 748-750 (1991).  Thus, this court finds that it would be futile for petitioner to return to state court to attempt to exhaust a claim of ineffective assistance of counsel.

In addition, if petitioner could clear the procedural default hurdle, and the court could look at the merits, it would be futile for him to return to state court.  Assuming that counsel failed to advise petitioner of a proposed plea agreement, petitioner must then establish that he would have accepted the plea agreement. *See Purdy v. United States*, 208 F.3d 41 (2d Cir. 2000).  Plaintiff's motion is silent on this issue.  However, the trial transcript indicates that petitioner unequivocally rejected a plea agreement that was pending before the Court on the day of trial.  *See* Trial transcript, pages 11-25.  Petitioner does not explain why he would have accepted the previous offer.

Accordingly, because petitioner has not established "good cause" for his failure to

---

[5] Petitioner was certainly aware of the claim after respondent's counsel mentioned a possible ineffective assistance of counsel claim in respondent's memorandum of law, filed in June of 2005.

raise or exhaust this new claim earlier, and because staying this action would be futile, the Court denies petitioner's request for a stay.[6]

### 2. Dismissal and Statute of Limitations

Petitioner has also asked this court for a "voluntary dismissal."  To the extent that petitioner is actually asking for a "voluntary dismissal" as opposed to a stay, as the respondent noted, if this Court were to dismiss this action, petitioner would be barred by the statute of limitations from filing another habeas corpus proceeding to challenge his January 31, 2003 conviction.  The one year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. Id. § 2244(d)(1)(A).  If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal. *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

In this case, the New York State Court of Appeals denied petitioner leave to appeal

---

[6] The denial of a stay in this Court is not intended to limit in any way petitioner's ability to pursue state court remedies available to him independent of this federal habeas petition.

on September 15, 2004.  Thus, petitioner's conviction became final on December 14, 2004.   There is no indication that any other dates from which the statute could have started running are applicable to this case.  Petitioner would have had until December 14, 2005 within which to file his federal petition.  Petitioner filed the original petition on January 31, 2005, thus, the original petition was timely.

The AEDPA provides that the one year limitations period will be tolled while a "properly filed" state court post- conviction motion is pending. 28 U.S.C. § 2244(d)(2).  The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir.)(*per curiam*), *cert denied*, 531 U.S. 840 (2000).  Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120-21 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

In this case, although petitioner filed a post-conviction motion to set aside the jury verdict, this motion was decided on January 31, 2003, long before petitioner's direct appeal was completed.  This motion will not affect the tolling of the statute of limitations.  The statute of limitations is ***not*** tolled while a federal petition is pending. *Duncan v. Walker*, 533 U.S. 167 (2004).  Thus, at this time, petitioner's statute of limitations has run, and it is not clear to the Court that petitioner understands that withdrawing this action would ***permanently*** and ***completely*** abandon the claims he has asserted in the petition, as any future petition will likely be time barred. In the event petitioner wishes to have this action dismissed, he will be required to file a statement with this Court, as described below. Upon filing of that statement, petitioner's request will be granted.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion for a stay (Dkt. No. 25) is **DENIED**, and it is further

**ORDERED**, that in the event petitioner desires to **permanently** and **completely** abandon one or all of his claims and/or dismiss this habeas petition in its entirety, he shall file a sworn and notarized statement with this Court that states that he has read and understands this Order and that he seeks dismissal of the petition or abandonment of any particular claim. **Any such request must also state that petitioner understands that any subsequent habeas petition attempting to re-assert his claims challenging his January 31, 2003 conviction will likely be barred by the statute of limitations**, and must be filed with the Court within **THIRTY (30)** days from the filing date of this Order, and it is further

**ORDERED**, that if petitioner does not file the above statement within thirty (30) days of the filing date of the Order, the court will proceed to adjudicate the petition, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: June 16, 2008

_____

Hon. Gustave J. DiBianco
U.S. Magistrate Judge